

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1039-08

**RANDALL ANTHONY GARCIA, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

PRICE, J., delivered the opinion of the Court in which KELLER, P.J., and MEYERS, JOHNSON, KEASLER, HERVEY, HOLCOMB and COCHRAN, JJ., joined. WOMACK, J., concurred in the result.

### O P I N I O N

We granted the appellant's petition for discretionary review in this case to review the decision of the court of appeals that his motion and supporting affidavit were insufficient to entitle him to post-conviction DNA testing under the provisions of Chapter 64 of the Code of Criminal Procedure.[1] The court of appeals held, *inter alia*, that the appellant's motion and

---

[1] TEX. CODE CRIM. PROC. arts. 64.01 through 65.05.

affidavit failed to demonstrate that the biological evidence in the custody of the State which he now seeks to have tested was not previously tested.[2]

In the second ground for review in his petition for discretionary review, the appellant argues that his affidavit, required to accompany his motion and to support the allegations of fact therein,[3] at least implicitly established that the biological evidence had never before been subjected to DNA testing. In that affidavit he asserted simply that "I did not murder my wife and I know that if items that were recovered from her apartment by the police were subjected to DNA testing, it would prove that I did not murder her." Even assuming, *arguendo*, that this assertion would suffice to establish by implication that the biological evidence had never before been subjected to DNA testing (a proposition about which we are *dubitante*), this would not fully satisfy the requirements of Article 64.01(b)(1). That provision requires a showing not only *that* the biological evidence in the State's custody was not previously subjected to DNA testing, but also *why* the biological evidence was not previously tested—either because such testing was "not available," it was "available, but not technologically capable of providing probative results[,]" or "through no fault of the [appellant], for reasons that are of a nature such that the interests of justice require DNA

---

[2] *Garcia v. State*, No. 01-05-00718-CR, 2008 WL 2466211 (Tex. App.—Houston [1st], delivered June 19, 2008) (not designated for publication).

[3] TEX. CODE CRIM. PROC. art. 64.01(a).

testing[.]"[4] Nowhere in his supporting affidavit did the appellant explain *why* the biological evidence at issue was not previously tested.

It is true that, in the motion itself, the appellant alleged that he is entitled to the testing he seeks because it would "tend to exculpate [him] and indicate the guilt of another party." He asserted that for this reason alone he was able to satisfy the statutory requirement to show that the biological evidence "was not previously subjected to DNA testing . . . through no fault of his [own], for reasons that are of a nature such that the interests of justice require DNA testing[,]" under Article 64.01(b)(1)(B).[5] But we have this day rejected the argument that a mere assertion that post-conviction DNA testing would establish that an applicant seeking DNA testing would not have been convicted, under Article 64.03(a)(2)(A),[6] will also fully satisfy the no-fault provision of Article 64.01(b)(1)(B).[7]

Because neither the appellant's motion nor his affidavit in support thereof established any of the statutorily acceptable explanations for *why* the biological evidence was not

---

[4] *Id.*, art. 64.01(b)(1)(a) & (b).

[5] *Id.*, art. 64.04(b)(1)(B).

[6] *Id.*, art. 64.03(a)(2)(A) ("A convicting court may order forensic DNA testing under this chapter only if . . . the convicted person establishes by a preponderance of the evidence that . . . the person would not have been convicted if exculpatory results had been obtained through DNA testing[.]").

[7] *Skinner v. State*, __ S.W.3d __, No. AP-75,812 (Tex. Crim. App., delivered September 23, 2009) (slip op. at 9-10).

previously subjected to DNA testing, we agree with the court of appeals that he has not

shown he was entitled to post-conviction DNA testing under Chapter 64.  As the court of

appeals noted, if a trial court's decision is correct on any theory of law applicable to the case,

a reviewing court will not disturb it.[8]  This disposition renders the appellant's first ground

for review moot,[9] and we therefore dismiss it.

Accordingly, we affirm the judgment of the court of appeals.

Delivered:     September 23, 2009
Do Not Publish

---

[8]

*Garcia v. State*, *supra*, slip op. at *2 (citing *State v. Ross*, 32 S.W.3d 853, 855-56 (Tex. Cr. App. 2000)).

[9]

In his first ground for review, the appellant argues that the court of appeals erred to hold in the alternative that he had not demonstrated that the evidence was in a condition to be subjected to DNA testing (TEX. CODE CRIM. PROC. art. 64.03(a)(1)(A)(i)) and that an appropriate chain of custody had been maintained (*id*., art. 64.03(a)(1)(A)(ii)).  We granted the appellant's petition in order to address whether the statute places a burden upon the appellant to make these showings as a predicate to obtaining post-conviction DNA testing.  Because we hold that the court of appeals was correct to reject the appellant's motion on the alternative basis discussed in the text, however, we need not address these questions in this case.